## JOHN EVELETH & *al. vs.* HENRY LITTLE & *als.*

A court of equity will not permit the use of a legal fiction to create a forfeiture ; and therefore will not allow a forfeiture to be created by the date of the extent of an execution on land not according to the truth, and especially in favor of one at whose suggestion the erroneous date was made.

An officer may be permitted to amend his return of an extent of an execution on land, where no third party is adversely interested, during the pendency of a suit in which the title to the land is brought in question.

THIS was a bill in equity, brought against the judgment creditors who extended their execution against one *Blaisdell* on his land,

and against the officer who made the extent, by the purchasers of *Blaisdell's* right to redeem the land. All the important facts in the case, are abstracted by the Judge who drew up the opinion, and appear in it.

*F. Allen & Hathaway* in their argument for the plaintiffs — to show that the officer might amend his return according to the truth, where there has been no change of rights, cited *Buck* v. *Hardy*, 6 *Greenl.* 162; *Howard* v. *Turner*, *ib.* 106; *Means* v. *Osgood*, 7 *Greenl.* 146. And to show that if the amendment was not allowed, that there was not enough done on the eleventh to make such commencement of the extent as to have the after proceedings relate back to that day; and that even if there was, that all lien was lost by a delay of eighteen days; they cited *Allen* v. *Portland Stage Company*, 8 *Greenl.* 207; *Tate* v. *Anderson*, 9 *Mass. R.* 92; *Bott* v. *Burnell*, *ib.* 96; *Same parties*, 11 *Mass. R.* 163; *Waterhouse* v. *Waite*, 11 *Mass. R.* 207.

*W. Abbott*, in his argument for the defendants, contended, that enough was done on the eleventh to constitute a good commencement of an extent of the execution on the land; that the officer had power to adjourn; that the seizure was not lost by unreasonable delay; and that the whole proceedings relate back to the commencement. *Prescott* v. *Wright*, 6 *Mass. R.* 20; *Heywood* v. *Hildreth*, 9 *Mass. R.* 395; *Brown* v. *Maine Bank*, 11 *Mass. R.* 158; *Allen* v. *Portland Stage Company*, 8 *Greenl.* 207. The mistake in law by the plaintiffs, in supposing they had a year from the perfection of the extent in which to redeem instead of the commencement, *is no good cause* for the interference of a court of equity. 1 *Story's Eq.* 121, 123; 1 *Fonb. Eq. Book*, 1, *c.* 2, *sec.* 7, *note B.*

The opinion of the Court was drawn up by

SHEPLEY J. — It appears from the bill, answer, and proofs, that one *Paul Blaisdell* on the eleventh day of *April*, 1834, was seized of a tract of land containing about thirty-five acres, on the western end of which was a granite quarry.

The respondents having an execution against him, placed it in the hands of an officer, who on that day caused appraisers to be selected and sworn to satisfy the execution by a levy upon the land;

and they with the officer entered upon and viewed some grass land upon the easterly end of said tract, and distant from the quarry, as the testimony states, from sixty to one hundred rods; and they then made up their minds as to the value per acre of the grass land viewed. For the purpose either of allowing the debtor to make payment, or the respondent to be present and select the land to be levied upon, there being a difference in the testimony as to the cause, an adjournment took place to the twenty-ninth of the same month, when the officer, appraisers, and one of the creditors went on to the same tract, the creditor taking them on to the granite quarry on the western end of the tract, which was then appraised and taken to satisfy the execution; the return was then made and signed, bearing date on the eleventh of *April*, and seizin was delivered to the creditor.

One of the plaintiffs was present and knew the proceedings on the twenty-ninth, and on that day took a conveyance of *Blaisdell's* right to redeem the quarry; and on the twenty-seventh day of *April*, 1835, tendered the amount of the debt with interest, to redeem the levy, which the creditors refused to receive, alleging, that the right of redemption had been forfeited by lapse of time. The bill is brought to redeem, and to have the respondents' title by the levy released.

Since the hearing, on petition of the officer to the Court of Common Pleas, he has been allowed to amend his return, and the amendment has been made, stating the appraisement to have been made, the extent completed, and seizin given on the adjournment to the twenty-ninth of *April*.

A motion having been submitted for leave to amend, the right to permit an amendment was argued at the hearing. There being no third party interested, the amendment is justified by the case of *Howard* v. *Turner*, 6 *Greenl.* 106. The amendment was refused in the case of *Freeman* v. *Paul*, 3 *Greenl.* 260, not because the return was not amendable, but the Court declined the exercise of an admitted power to enable a party to create a forfeiture. In this case, so far as it may be effectual, it is to prevent a forfeiture.

The *stat. c.* 60, *sec.* 30, allows the debtor or his assignee to redeem the levy, " within the space of one year next following the extending execution thereon;" and the question arises, when the

Eveleth *v.* Little.

execution is to be regarded as extended upon the quarry. In the case of *Heywood* v. *Hildreth*, 9 *Mass. R.* 393, it was decided, that the whole proceedings after the seizure, have relation to the day of the seizure. And in *Brown* v. *Maine Bank*, 11 *Mass. R.* 153, it is said, that a title by execution, takes effect by relation to the time when the proceedings commence. In the case of *Waterhouse* v. *Waite*, 11 *Mass. R.* 207, it is said, that if the land is seized within the thirty days after judgment, the attachment is saved, yet the extent is not complete without delivery of seizin to the creditor. In the case of *Allen* v. *Portland Stage Company*, 8 *Greenl.* 207, it was decided, that a levy was not commenced until the appraisers had been sworn ; and it was said, that " it might not be going too far to hold that the first step in extending an execution upon any particular real estate is when it is shewn to the appraisers, for there is no designation of the land to be appraised in the oath administered." And it may be added, that there is no designation of any tract of land to be levied upon until it is shewn for that purpose. Although it may be the policy of the law, and very proper for the purpose of preserving the lien by attachment, to regard all the proceedings as having relation to the commencement of them, yet to make use of such a fiction, contrary to the truth, for the purpose of creating a forfeiture, which the law does not favor, would be alike unjust, and contrary to the rules, by which Courts are governed in the use of legal fictions.

One of the respondents was present and knew that the quarry was first selected, and that it was appraised and seizin delivered on the twenty-ninth of *April;* and although the appraisers' return bears date on the 11th of *April*, one of them testifies, that he objected to the date at that time, and was informed by the creditor, that it would make no difference, and that he wished it to bear that date to save an attachment. No attachment of the land appears to have been made. There is therefore no occasion for a fiction to preserve an attachment, and the proof, from the amended return and other testimony, may be received, that the extent upon the quarry did not take place until the twenty-ninth of *April.*

It would be inequitable to allow a forfeiture to be created by a date not according to the truth, and especially in favor of one at whose suggestion the erroneous date appears to have been made.

It is ordered, adjudged and decreed, that the land described in the bill, is held by respondents subject to the plaintiffs' right to redeem ; and that upon payment by the plaintiffs of the debt and interest, the respondents convey to the plaintiffs by deed in due form all title acquired by the levy, and pay the costs of this suit.